UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEROY JONES,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.,*

    *Respondents.*

Case No. 2:13-cv-02357-JAD-GWF

**ORDER**

    This habeas action comes before the Court on petitioner's second application (Doc. 5) to proceed *in forma pauperis* and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules"). Petitioner has paid the filing fee, and the Court therefore denies the second pauper application as moot.

    Turning to initial review, habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). The habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts." *Mayle*, 545 U.S. at 655. A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

    Just as a pleading can say too little, a pleading also can say too much or state the claim with insufficient clarity. As the Ninth Circuit has observed in an analogous context, there is no authority supporting the proposition that a pleading may be of unlimited length or opacity. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Prolix and confusing filings impose unfair burdens on litigants and judges, as such filings make it difficult to identify and appropriately address claims. *Id*.

    Moreover, Instruction No. (C)(6) for the Court's required habeas petition form states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." A petitioner therefore may not combine multiple constitutional violations in a single ground. A petitioner thus also may not combine a claim of trial

court error in the same ground with a claim of ineffective assistance of counsel, even if there are factual allegations common to both claims.  If factual allegations support more than one ground, petitioner may adopt and incorporate factual allegations from one ground in another ground.

Petitioner Jones's pleading is not overly long and prolix overall, but it is also not sufficiently clear.  The petition states that it challenges Jones's convictions in the Eighth Judicial District Court for the State of Nevada in Case Nos. C238751 and C239148.  Habeas Rule 2(e) permits a petitioner to challenge more than one judgment of conviction from a single state court, such as the Eighth Judicial District Court.  So petitioner plainly can challenge both judgments of conviction in one petition.

But the petition is unclear about which grounds challenge which judgment.  From a preliminary review, it appears that the majority—if not all—of the grounds and claims are directed to the judgment of conviction in Case No. C238751.  The petition simply is not clear in this regard, however.

Petitioner Jones must amend the petition to: (a) challenge only one judgment of conviction (rather than possibly both judgments) in each single ground; (b) clearly identify by case number at the beginning of each ground which judgment of conviction is challenged in the ground; and (c) attach the exhaustion-inquiry page for each such ground identifying the exhaustion history as to that ground specifically as a challenge to the judgment of conviction challenged in that ground.  If the same factual allegations support a challenge to both judgments of conviction, then petitioner, as noted above, may adopt and incorporate factual allegations from one ground in another ground.

The Court expresses no opinion at this juncture as to: (a) whether particular claims are exhausted as to one judgment rather than another; and/or (b) whether the federal limitation period has expired as to particular claims as a challenge as to one judgment rather than another.  Nor is the Court directing petitioner to file or not file particular claims.  Petitioner at all times remains responsible for: (a) calculating the running of the federal limitation period as to his claims; (b) exhausting claims as to a particular judgment or judgment; and/or (c) determining the relief that he might seek and in what court or courts with regard to any claims that perhaps may not be exhausted.  What the Court is directing petitioner to do is to: (a) challenge only one judgment of conviction per

ground; (b) clearly identify which judgment of conviction is being challenged in each ground; and (c) clearly state the exhaustion history as to each ground with regard to the judgment of conviction challenged in that ground.

Petitioner further must present only one constitutional violation per ground. Petitioner may rely upon multiple constitutional provisions supporting a ground. However, a trial court's allegedly improper admission of certain evidence, for example, is a distinct constitutional violation from a trial court's allegedly erroneous use of a certain jury instruction. In the present petition, for example, Ground 2 possibly includes claims that trial counsel was ineffective for failing to view a video of particular robbery; that the trial court erred in failing to apply *Brady v. Maryland*, 373 U.S. 83 (1963); and that there was an appellate court error in some sense with regard to the effect of a reversal. Either: (a) the allegations present separate constitutional violations that must be separated out into separate grounds; or (b) petitioner simply is not being clear about what claim he is presenting (if, for example, he instead trying to present a single claim of ineffective assistance of trial counsel).

In that vein, petitioner should not include legal citation and argument in the petition. Much of the lack of clarity in the petition perhaps may be due to petitioner including collateral legal argument that he believes relates in some manner to a claim. Plaintiff instead should simply identify the alleged constitutional violation and then present the specific allegations of actual fact that he maintains supports his claim. Petitioner can argue law in his reply to the answer if the merits of a claim is reached.

If petitioner again combines multiple violations within a single ground in an amended petition, the Court will disregard all alleged constitutional violations after the first constitutional violation alleged, for failure to comply with the instructions for the form and the Court's order.

Petitioner otherwise needs to include an exhaustion-inquiry page for each ground alleged and to be sure to give each ground a different number.

**IT THEREFORE IS ORDERED** that petitioner's second application (Doc. 5) to proceed *in forma pauperis* is DENIED as moot.

**IT FURTHER IS ORDERED** that the petition is DISMISSED without prejudice for failure

to clearly state petitioner's claims for relief, with leave to amend within 30 days of entry of this order to correct the deficiencies in the petition.

**IT FURTHER IS ORDERED** that petitioner shall clearly title any amended petition filed in response to this order as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **2:13-cv-02357-JAD-GWF** above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are not re-alleged therein no longer will be before the Court.

If petitioner does not timely file an amended petition, a final judgment dismissing this action will be entered without further advance notice. If the amended petition does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered. Moreover, if petitioner again combines multiple constitutional claims in a single ground, all constitutional claims after the first claim alleged in the ground will be disregarded.

The Clerk of Court shall SEND petitioner <u>four</u> copies of a noncapital § 2254 petition form together with one copy of the instructions for same and a copy of the petition that he submitted.

Dated: August 4, 2014.

_____
JENNIFER A. DORSEY
United States District Court