UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Leroy Jones,

    Petitioner,

v.

Attorney General, et al.,

    Respondents.

2:13-cv-02357-JAD-GWF

**Order**
[##12, 26, 29]

    This habeas corpus action challenges the 2008 conviction of Petitioner Leroy Jones in the Nevada state court. The respondents move to dismiss portions of the petition, arguing that a number of the grounds Jones advances are too conclusory or have not been exhausted in the state-court system. Doc. 12. They also move to strike Jones's unauthorized surreply (Doc. 25) and supplemental opposition (Doc. 28) to the motion to dismiss. Docs. 26, 29. Because I find several of Jones's claims in his habeas petition unexhausted in state court, I grant the motion to dismiss in part and order Jones to make an election by July 10, 2015, regarding his unexhausted claims. I deny, however, the respondents' motions to strike.

**Procedural History**

    On September 8, 2008, the petitioner, Leroy Jones, was convicted and sentenced, following a jury trial in Nevada's Eighth Judicial District Court, on four counts of robbery with the use of a deadly weapon, three counts of burglary while in possession of a deadly weapon, and conspiracy to commit robbery. *See* Judgment of Conviction, Exhibit 56; Amended Judgment of Conviction, Exhibit 63 (the exhibits referred to in this order were filed by respondents and are located in the record at Docs. 13-20). Jones appealed, and the Nevada Supreme Court affirmed his conviction on April 16, 2010. *See* Order of Affirmance, Exhibit 97.

    On September 23, 2010, Jones filed a post-conviction petition for writ of habeas corpus in state court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 106. The state district court held an evidentiary hearing on May 11, 2012 (*see* Reporter's Transcript, Exhibit 121), entertained oral argument on October 22, 2012 (*see* Reporter's Transcript, Exhibit 129), and denied

the petition in a written order on November 13, 2012. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 137. Jones appealed, and the Nevada Supreme Court affirmed on October 16, 2013. *See* Order of Affirmance, Exhibit 158.

On March 4, 2014, Jones filed a second post-conviction petition for writ of habeas corpus in state court. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 164. On July 8, 2014, the state district court denied that petition on procedural grounds. *See* Findings of Fact, Conclusions of Law, and Order, Exhibit 187. Jones appealed, and the Nevada Supreme Court affirmed on November 13, 2014. *See* Order of Affirmance, Exhibit 194.

This court received Jones's federal habeas petition, initiating this action *pro se*, on December 30, 2013 (Doc. 1). Jones filed an amended habeas petition on September 3, 2014 (Doc. 7). Jones's amended habeas petition asserts ten grounds for relief.

On January 16, 2015, respondents filed a motion to dismiss (Doc. 12), arguing that Grounds 2, 3, 4, 6, 9, and 10 of Jones's amended petition are unexhausted in state court, and that Grounds 2, 3, 7, and 9 should be dismissed because they are conclusory. Jones filed an opposition to the motion to dismiss on March 16, 2015 (Doc. 23), and respondents filed a reply in support of their motion to dismiss on March 23, 2015 (Doc. 24).

On April 8, 2015, Jones filed a response to the respondents' reply in support of their motion to dismiss (Doc. 25), informing the court of difficulties he had at the prison where he is incarcerated responding to the motion to dismiss. On April 21, 2015, Jones filed a further response to the respondents' reply (Doc. 28).

Respondents filed motions to strike the documents filed by Jones on April 8 and 21, 2015 (Docs. 26, 29), arguing that those filings were not authorized by the court's local rules. Jones filed responses to the two motions to strike (Docs. 30, 31). Respondents are correct that a response to a reply is generally not authorized. Given that Jones appears *pro se*, however, and because of the nature of the assertions in his April 8, 2015, filing, the court will deny the motions to strike and consider the information in the documents Jones filed on April 8 and 21, 2015.

## Discussion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court.

28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if the petitioner describes to that court the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In this case, Jones's exhaustion of claims in state court is controlled by the claims that Jones asserted on his direct appeal (*see* Appellant's Opening Brief, Exhibit 81; Appellant's Reply Brief, Exhibit 90), on the appeal in his first state habeas action (*see* Fast Track Statement, Exhibit 149; Reply to the Fast Track Response, Exhibit 157), and in his second state habeas action (*see* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 164).

### A.    Ground 2

In Ground 2 of his amended habeas petition, Jones claims "The district court abused its discretion when it denied my post conviction habeas petition by finding that [his] lawyer was not ineffective for failing to view the videotape of the Sept. 19, 2007[,] robbery." *See* Amended Petition (Doc. 7) at 5. This claim is unexhausted. In his appeals before the Nevada Supreme Court, Jones did not assert that the state district court violated his federal constitutional rights in this manner. *See* Appellant's Opening Brief, Exhibit 81; Appellant's Reply Brief, Exhibit 90; Fast Track Statement, Exhibit 149; Reply to the Fast Track Response, Exhibit 157. Liberally construing Jones's *pro se* petition, the court could read Ground 2 as setting forth the underlying claim of ineffective assistance of trial counsel—the claim that Jones's trial counsel was ineffective for not viewing the videotape. However, that claim appears in Ground 6 (*see* Amended Petition at 13). Therefore, it is unnecessary to so construe Ground 2; doing so would only result in a redundant claim. Ground 2 is unexhausted.

### B.    Ground 3

In Ground 3, Jones claims that his Fourteenth Amendment right to due process of law was

violated because the state lost or destroyed the videotape evidence concerning the September 19, 2007, robbery. *See* Amended Petition at 7. Jones raised the claim on the appeal in his first state habeas action. *See* Fast Track Statement, Exhibit 149 at 16–18; Reply to the Fast Track Response, Exhibit 157 at 3–4; *see also* Appellant's Opening Brief, Exhibit 81 at 10–14 (asserting closely-related claim based on *Brady v. Maryland*, 373 U.S. 83 (1963), on direct appeal). Ground 3 is exhausted.

### C.     Ground 4

In Ground 4, Jones claims that his trial counsel was ineffective for failing to adequately cross-examine lead detective Mayo regarding his custody over the video evidence concerning September 19, 2007, robbery. *See* Amended Petition at 9. Jones argues that this claim was exhausted on the appeal in his first state habeas action; he does so without citing to a location in his briefing before the Nevada Supreme Court where the claim is raised. The court sees no statement of this claim in that briefing. *See* Fast Track Statement, Exhibit 149; Reply to the Fast Track Response, Exhibit 157. Ground 4 is unexhausted.

### D.     Ground 6

In Ground 6, Jones claims that his trial counsel was ineffective in four respects: (a) for failure to view the videotape evidence concerning the September 19, 2007, robbery; (b) for failure to investigate the video-recording equipment at two locations; (c) for failure to investigate the prosecution's use of ten still photographs to determine if their use was illegal; and (d) for failure to investigate the prosecution's use of ten still photographs to determine whether a photo lineup was suggestive. *See* Amended Petition at 13.

Ground 6(a)—the claim that trial counsel was ineffective for failing to view the videotape evidence concerning the September 19, 2007, robbery—is exhausted. *See* Fast Track Statement, Exhibit 149 at 12-16; Reply to the Fast Track Response, Exhibit 157 at 1–3. Grounds 6(b), (c), and (d)—the claims that trial counsel was ineffective for failing to investigate the video recording equipment at two locations, for failing to investigate the prosecution's use of ten still photographs to determine if the use of them was illegal, and for failing to investigate the prosecution's use of ten still photographs to determine whether a photo lineup was suggestive—are also unexhausted. *See*

Fast Track Statement, Exhibit 149; Reply to the Fast Track Response, Exhibit 157.

### E.     Ground 9

In Ground 9, Jones claims that his appellate counsel was ineffective for failing to raise a claim based on *Brady v. Maryland*, 373 U.S. 83 (1963), with respect to a voluntary statement given by Cesar Lopez, a victim of one of the robberies. *See* Amended Petition at 19. The court finds Ground 9 to be exhausted in state court. *See* Fast Track Statement, Exhibit 149 at 28.

### F.     Ground 10

Ground 10 is a cumulative-error claim. *See* Amended Petition at 21. The court finds Ground 10 to be exhausted in state court. *See* Fast Track Statement, Exhibit 149 at 29.

### G.     Summary Regarding Exhaustion of Claims

The court, therefore, finds that Jones's habeas petition is "mixed" because it contains both exhausted and unexhausted claims. Because Jones's amended petition contains claims found by this court to be unexhausted in state court, the court will require Jones to make an election with respect to these unexhausted claims.

For Grounds 2, 4, 6(b), 6(c), and 6(d), Jones must do one of the following: (1) file a declaration stating that he wishes to abandon Grounds 2, 4, 6(b), 6(c), and 6(d) and proceed with the litigation of his remaining exhausted claims in this case; (2) file a motion for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), requesting a stay of this action while he exhausts his unexhausted claims in state court; or (3) voluntarily dismiss this entire action without prejudice. Jones has until July 10, 2015, to make that election. Jones is warned that, if he does not make that election by July 10, 2015, the court will dismiss his entire petition without prejudice under *Rose v. Lundy*, 455 U.S. 509 (1982).

Jones is warned that if he elects to voluntarily dismiss this action in its entirety "without prejudice," he may be barred by the statute of limitations from ever initiating any subsequent federal habeas corpus action. This is because—unless there is some form of tolling available to Jones that is not now apparent to the court from the record—the limitations period imposed by section 2244(d) has likely run out during the pendency of this federal habeas action. The filing of a federal habeas corpus petition does not toll the statute of limitations relative to a subsequent federal habeas action.

*See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

If Jones elects to file a motion for stay, he must make a showing in the motion that a stay is warranted under *Rhines*. In *Rhines*, the United States Supreme Court narrowed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> . . .
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78. In short, in a motion for stay, Jones must show (1) that there was good cause for his failure to exhaust his unexhausted claims, (2) that his unexhausted claims are not plainly meritless, and (3) that he has not engaged in intentionally dilatory litigation tactics.

H.     **Respondents' Argument that Grounds 2, 3, 7, and 9 are Conclusory**

Respondents argue in their motion to dismiss that Grounds 2, 3, 7, and 9 are conclusory and should be summarily dismissed for that reason. *See* Motion to Dismiss (Doc. 12) at 7-9. The court finds that this argument will be better addressed in conjunction with consideration of the merits of Jones's claims. If and when respondents are called upon to answer Jones's claims with respect to their merits, respondents may assert this argument in their answer, and the court will consider it at that time. For now, the motion in this regard is denied without prejudice.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that respondents' Motion to Strike **(Doc. 26) is DENIED**;

**IT IS FURTHER ORDERED** that respondents' Motion to Strike **(Doc. 29) is DENIED**;

**IT IS FURTHER ORDERED** that respondents' Motion to Dismiss **(Doc. 12) is GRANTED IN PART AND DENIED IN PART.** Grounds 2, 4, 6(b) (the claim that trial counsel was ineffective for failing to investigate the video recording equipment at two locations), 6(c) (the claim that trial counsel was ineffective for failing to investigate the prosecution's use of ten still photographs to determine if the use of them was illegal, and 6(d) (the claim that trial counsel was ineffective for failing to investigate the prosecution's use of ten still photographs to determine whether a photo lineup was suggestive) are found unexhausted. **Jones has until July 10, 2015, to do one of the following: (1) file a declaration stating that he wishes to abandon all the claims found by this court to be unexhausted, (2) file a motion for a stay, requesting that this case be stayed while he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily dismiss his entire habeas petition in this case without prejudice. If petitioner does none of these things by July 10, 2015, the court will dismiss his entire habeas petition without prejudice** under *Rose v. Lundy*, 455 U.S. 509 (1982). The motion to dismiss (Doc. 21) is denied in all other respects.

Dated this 22nd day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge