UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Leroy Jones,

    Petitioner

v.

Attorney General, et al.,

    Respondents

2:13-cv-02357-JAD-GWF

**Order Denying Petition, Declining to Issue Certificate of Appealability, and Closing Case**

[ECF 7, 39]

    Nevada state prisoner Leroy Jones brings this § 2254 petition to challenge his state court conviction for armed robbery and related charges.[1] I previously dismissed some of Jones's claims as unexhausted[2] after he elected to abandon them rather than return to state court to exhaust them.[3] Jones has eight remaining grounds for relief. Respondents move to dismiss Jones's remaining claims on their merits. Because Jones has not shown that a state court decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented, I deny his petition and close this case. And because reasonable jurists would not find my conclusion debatable or wrong, I decline to issue Jones a certificate of appealability.

**Background**

    Jones's conviction stems from a series of three motel robberies in the Las Vegas area in 2007. The evidence at Jones's jury trial showed the following: on the evening of September 9, 2007, Charlene A. was working at a Budget Suites on South Las Vegas Boulevard when a black male wearing a black baseball cap with the letters "L.A." on the front entered and asked about renting a room. The man drew a black handgun with his right hand and held it under his left armpit while

---

[1] ECF 7.

[2] ECF 34.

[3] ECF 33.

demanding money. Charlene removed $500 from the cash register and gave it to the man. The man then forced her to lie face down on the ground, and he fled.[4] When shown a photo lineup, Charlene said that a photo of Jones closely resembled the perpetrator of the robbery, but that she could not identify him with certainty.[5] At trial, however, Charlene identified Jones as the perpetrator.[6]

The second robbery took place nine days later. At about 7:15 on the evening of September 18, 2007, Caesar L. was working at a Super 8 Motel in Las Vegas when a black male wearing a black baseball cap with the letters "L.A." on the front entered and approached the counter. The man drew a black handgun with his right hand and held it under his left armpit and demanded money. Caesar removed about $700 from the cash register and put it on the counter. The man then forced Caesar to lie on the ground under a chair while he fled.[7] Caesar later identified Jones as the perpetrator in a photo lineup and again at trial.[8]

The third robbery took place early the next morning. At about 5:00 a.m. on September 19, 2007, three black males entered the office of the Suites on Boulder Highway in Las Vegas. All three men were wearing hooded sweatshirts and carrying handguns; two of them were wearing bandanas covering their faces. The third man, who was not wearing anything over his face, directed the actions of the other two. There were two employees present: Jennifer L. and Denise T.. The man without a bandana forced Denise to lie on the ground. He then instructed the other two men to go behind the counter and remove cash from the drawers. The men forced Jennifer to help them retrieve money from drawers behind the counter, and then forced her to lie on the ground while they

---

[4] *See* Testimony of Charlene A., Trial Transcripts, July 15 and 16, 2008, Ex. 48 at 198–Ex. 49 at 20.

[5] *See* Testimony of Ronald Matlock, Trial Transcript, July 15, 2008, Ex. 48 at 132–35, 145–48; Testimony of Charlene A., Trial Transcript, July 15, 2008, Ex. 48 at 210–11.

[6] *See* Testimony of Charlene A., Trial Transcript, July 15, 2008, Ex. 48 at 207, 211, 213; Testimony of Charlene A., Trial Transcript, July 16, 2008, Ex. 49 at 18–19.

[7] Testimony of Caesar L., Trial Transcript, July 15, 2008, Ex. 48 at 168–97.

[8] *See* Testimony of Ronald Matlock, Trial Transcript, July 15, 2008, Ex. 48 at 135; Testimony of Caesar L., Trial Transcript, July 15, 2008, Ex. 48 at 177–78; *see also* Testimony of Caesar L., Trial Transcript, July 15, 2008, Ex. 48 at 171.

fled. Jennifer and Denise both recognized the man without a bandana on his face as Jones because Jones had previously worked with them at the Suites as a security guard. Both women identified Jones at trial as one of the three perpetrators.[9]

Jones was arrested, tried, and convicted in Nevada's Eighth Judicial District Court for robbery with the use of a deadly weapon (four counts), burglary while in possession of a deadly weapon (three counts), and conspiracy to commit robbery (one count). Jones's judgment of conviction was entered on September 8, 2008.[10] The trial judge sentenced Jones to three consecutive terms of 36–96 months on three of the robbery counts, each with a consecutive term of 24–60 months for the deadly weapon enhancement, and concurrent terms on the other charges.[11] Jones appealed; the Nevada Supreme Court affirmed.[12]

On September 23, 2010, Jones filed a habeas petition in state court.[13] The state district court held an evidentiary hearing[14] and heard oral argument[15] before it ultimately denied the petition on November 13, 2012.[16] Jones later filed a second habeas petition in state court,[17] which the state court denied on procedural grounds.[18]

---

[9] *See* Testimony of Jennifer L., Trial Transcript, July 14, 2008, Ex. 46 at 44; Testimony of Denise T., Trial Transcript, July 15, 2008, Ex. 48 at 15–16, 24–25, 40, 42–43.

[10] *See* Judgment of Conviction, Ex. 56. the judgment was amended on September 26, 2008, to correct a clerical error. *See* Amended Judgment of Conviction, Ex. 63.

[11] *See id*.

[12] *See* Order of Affirmance, Ex. 97.

[13] *See* Petition for Writ of Habeas Corpus (Post-Conviction), Ex. 106; Supplemental Brief in Support of Defendant's Writ of Habeas Corpus, Ex. 111.

[14] *See* Reporter's Transcript, Ex. 121.

[15] *See* Reporter's Transcript, Ex. 129.

[16] *See* Findings of Fact, Conclusions of Law and Order, Ex. 137. Jones appealed, and the Nevada Supreme Court affirmed on October 16, 2013. *See* Order of Affirmance, Ex. 158.

[17] *See* Petition for Writ of Habeas Corpus (Post-Conviction), Ex. 164.

[18] *See* Findings of Fact, Conclusions of Law and Order, Ex. 187.

Jones initiated this federal habeas action on December 30, 2013.[19] Jones's amended petition asserts ten grounds for relief.[20] I previously found that grounds 2, 4, 6(b), (c), and (d) are unexhausted and required Jones to elect whether to: (1) file a declaration abandoning all the claims found to be unexhausted, (2) file a motion for a stay, requesting that his case be stayed while he exhausts his unexhausted claims, or (3) file a declaration stating that he wishes to voluntarily dismiss his entire habeas petition in this case without prejudice.[21] Jones timely elected to abandon his unexhausted claims and proceed on his exhausted claims,[22] so I dismissed his unexhausted claims without prejudice and ordered respondents to respond to Jones's remaining claims.[23] I now consider Jones's remaining claims: grounds 1, 3, 5, 6(a), 7, 8, 9, and 10 on their merits.[24]

## Discussion

**A.   Standard for habeas relief under 28 U.S.C. § 2254(d)**

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[25] In making this determination, federal courts look to the last reasoned

---

[19] ECF 1.

[20] ECF 7.

[21] *See id*.

[22] ECF 33.

[23] ECF 34.

[24] Jones filed a request for permission to file a memorandum in support of his petition, ECF 39, to which he attached a memorandum discussing *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Though respondents oppose Jones's request and I do not think that *Montgomery* has any effect on the claims raised in Jones's petition, I grant Jones's request and I have taken his memorandum into consideration.

[25] 28 U.S.C. § 2254(d).

state-court decision.[26] "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[27] To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[28]

**B.    Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*,[29] the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims. A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[30] If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[31] Jones has not met his burden for any of his remaining claims.

**C.    Grounds 1 and 6(a)**

In ground 1 of his amended petition, Jones claims that his trial counsel was constitutionally ineffective for failing to retrieve and view videotape evidence for the September 19, 2007, robbery.[32]

---

[26] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[27] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[28] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

[29] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[30] *Id.* at 694.

[31] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[32] *See* Amended Petition, ECF 7 at 3.

1  Jones makes the same argument in ground 6(a), asserting that his trial counsel was ineffective
2  because he "announced ready for trial even though he never viewed the most important piece of
3  evidence (the Sept. 19, 2007 videotape) in the case. . . ."[33]  Jones does not articulate what the video
4  would have shown or explain how it could have helped his case.

5  At trial, the state introduced still photographs that were taken from the video, but neither
6  party introduced the video.  The state district court found that trial counsel was not ineffective for
7  failing to view the video because the state did not benefit from the use of the video, and trial counsel
8  testified at the evidentiary hearing that viewing the video would not have changed the outcome of the
9  case because the video would not be substantially different than the still photographs.[34]  The state
10 district court also found that Jones failed to show prejudice because two eyewitnesses identified
11 Jones as one of the assailants of the September 19, 2007, robbery, and both witnesses also testified
12 that they were familiar with Jones because they had worked with him at the Suites.[35]

13 There is a reasonable argument that trial counsel satisfied *Strickland* despite counsel's
14 alleged failure to view the September 19, 2007, robbery tape for the reasons stated by the state court.
15 Accordingly, Jones is not entitled to federal habeas relief on this basis.

**D.     Ground 3**

17 Jones next claims that the state lost or destroyed the videotape of the September 19, 2007,
18 robbery.[36]  The Nevada Supreme Court rejected this claim on direct appeal and on appeal from the
19 denial of Jones's first state habeas petition, reasoning that Jones failed to show that the video had any
20 exculpatory value because he merely speculated about what the video would show.[37]

---

[33] *Id*. at 13.

[34] Findings of Fact, Conclusions of Law and Order, Ex. 137 at 4.

[35] *Id*.

[36] *See* Amended Petition at 7.

[37] Order of Affirmance, Ex. 97 at 3 (rejecting Jones's *Brady* claims); Order of Affirmance, Ex. 158 at 1, n. 1 (rejecting Jones's *Youngblood* claim).

It is unclear whether Jones asserts a *Youngblood* claim[38] for the police's alleged bad-faith failure to preserve potentially useful evidence, or a *Brady* claim[39] for the prosecution's alleged failure to disclose exculpatory evidence, or both. Jones's claim fails under both theories, and the state court's denial of these claims is reasonable. Jones's claim fails under *Brady* because Jones made no showing before the state court that the video of the September 19, 2007, robbery was exculpatory. And Jones's claim fails under *Youngblood* because he did not show that the videotape was potentially useful or that the police acted in bad faith when they allegedly destroyed the videotape.

**E.    Ground 5**

In ground 5, Jones claims that his trial counsel was constitutionally ineffective for failing to oppose the state's motion to consolidate the two cases: one concerning the September 8 and 18, 2007, robberies and one concerning the September 19, 2007, robbery.[40] The state district court rejected this claim in Jones's first state habeas action, and the Nevada Supreme Court affirmed. The state district court reasoned that Jones's attorneys were not ineffective because they had a strategic reason for not opposing the state's motion to consolidate, having testified at the evidentiary hearing that they believed that (1) Jones had a better chance of winning one trial than two and (2) prevailing on the issue would be worse because then Jones would be subject to two trials where the bad acts of the first would be admissible in the second.[41] The state court also found that Jones failed to show prejudice because he did not show a strong likelihood of acquittal had his cases been severed: each and every robbery victim for the three robberies positively identified Jones as the assailant.

There is a reasonable argument that trial counsel satisfied *Strickland* despite failing to oppose the state's motion to consolidate. Strategic decisions do not constitute ineffective assistance of

---

[38] *Arizona v. Youngblood*, 488 U.S. 51 (1996).

[39] *Brady v. Maryland*, 373 U.S. 83 (1963).

[40] *See* Amended Petition at 11; *see also* Motion to Consolidate, Ex. 25; Transcript of Hearing on Motion to Consolidate, Ex. 27; Order Granting Motion to Consolidate, Ex. 28.

[41] Findings of Fact, Conclusions of Law and Order, Ex. 137 at 3.

counsel,[42] and a mere difference of opinion about tactics does not render counsel's assistance ineffective.[43] Jones also failed to show that opposing the state's motion to consolidate would have been successful, or that severing the cases would have resulted in an acquittal. Accordingly, Jones is not entitled to federal habeas relief on this basis.

**F.    Ground 7**

Jones also claims that his trial counsel was ineffective because counsel "opened the door to incriminating evidence from the lead detective during cross examination . . . ."[44] Jones claims that trial counsel opened the door to testimony by Detective Mayo that Jones had refused to tell Detective Mayo his address.[45] The state district court rejected this claim in Jones's first state habeas action, reasoning:

> Trial counsel's line of questioning was a strategic decision to [elicit] testimony that the detective did a poor job of investigating the matter by not attempting to find Defendant's address. The detective's response went outside the parameters of Counsel's questioning and was an unsolicited and non-responsive dialogue.[46]

The state court also reasoned that trial counsel was not ineffective for not knowing about a conversation between Detective Mayo and Jones that was not contained in any police report, and trial counsel objected to Defective Mayo's complained-of testimony.[47] The state district court also found that Jones failed to show that the outcome of his trial would have been different had trial counsel known about the address conversation.[48] The Nevada Supreme Court affirmed.[49]

---

[42] *See Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984).

[43] *See United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).

[44] *See* Amended Petition at 15.

[45] *See id*.; *see also* Testimony of Harrison Mayo, Trial Transcript, July 15, 2008, Ex. 48 at 95–97.

[46] Findings of Fact, Conclusions of Law and Order, Ex. 137 at 4.

[47] *Id.*

[48] *Id.*

[49] *See* Order of Affirmance, Ex. 158 at 1–2.

There is a reasonable argument that trial counsel satisfied *Strickland* by attempting to show that the investigation was shoddy. Additionally, as noted by the state court, Detective Mayo's complained-of testimony was not responsive to counsel's questioning, and Jones has not shown that the outcome of his trial would have been different had Detective Mayo not given this testimony. Jones is not entitled to relief on ground 7.

**G.    Ground 8**

In ground 8, Jones claims that his trial counsel was ineffective for failing to object to Detective Matlock summarizing his investigation for the jury.[50] Jones appears to argue that trial counsel should have objected to Detective Matlock's testimony about how he identified Jones as a suspect in the September 9 and 18, 2007, robberies after viewing the video of the September 19, 2007, robbery.[51] The state district court rejected this claim in Jones's first state habeas action, and the Nevada Supreme Court affirmed. The state court found that "[t]rial counsel was not ineffective for failing to object to Detective Matlock's relevant testimony regarding his investigation of [Jones's] case."[52]

There is a plainly reasonable argument that Jones's counsel satisfied *Strickland* despite failing to object to Detective Matlock's relevant testimony. Counsel is not ineffective for failing to raise a futile objection. And, given the overwhelming evidence of his guilt, Jones also has not shown that the outcome of his trial would have been different even if counsel had successfully raised this objection.

**H.    Ground 9**

Jones next contends that appellate counsel was constitutionally ineffective for failing to raise a *Brady* claim regarding a voluntary statement given by Caesar L., a victim of the September 18, 2007, robbery.[53] The state district court and the Nevada Supreme Court rejected this claim in Jones's

---

[50] *See* Amended Petition at 17.

[51] *See id.*; *see also* Testimony of Ronald Matlock, Trial Transcript, July 15, 2008, Ex. 48 at 127–67.

[52] Findings of Fact, Conclusions of Law and Order, Ex. 137 at 5.

[53] *See* Amended Petition at 19.

first state habeas action reasoning: "[Jones] raised a *Brady* violation claim on direct appeal regarding the September 19, 2007, Robbery Video. [Jones] has not shown that the issue related to the witness statement had any likelihood of success on appeal."[54]

It is unclear which statement of Caesar Jones claims the prosecution suppressed. During Caesar's cross-examination, Jones's trial counsel showed him a copy of a written statement that Caesar gave to the police on the evening of the robbery.[55] Jones's trial counsel also showed the witness a copy his notes about the photo line-up.[56] The state obviously disclosed both of these statements to defense counsel, and Jones does not identify any statement of Caesar that was not disclosed. Jones also has not shown that any statement not provided was either exculpatory or impeachment material.

There is a reasonable argument that Jones's appellate counsel satisfied *Strickland* because Jones has not shown that he had a viable *Brady* claim about Caesar's statements to raise on appeal. Thus, Jones's appellate counsel cannot be ineffective for failing to raise this argument on appeal, and Jones has not shown that the outcome of his case would have been different had appellate counsel raised this issue. Accordingly, I decline to grant Jones relief on ground 9.

**I.     Ground 10**

Finally, Jones argues that he is entitled to federal habeas relief based on cumulative error.[57] Because Jones has not shown any constitutional violation, his cumulative-error claim also fails.

**J.     Certificate of appealability**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[58] by showing that "reasonable jurists would find the district court's

---

[54] Findings of Fact, Conclusions of Law and Order, Ex. 137 at 5.

[55] *See* Testimony of Caesar L., Trial Transcript, July 15, 2008, Ex. 48 at 191.

[56] *See id*. at 193.

[57] *See* Amended Petition at 21.

[58] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

assessment of the constitutional claim debatable or wrong."[59]  To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[60] Because no reasonable jurist would find my conclusion that Jones has failed to show a constitutional violation debatable or wrong, I decline to issue Jones a certificate of appealability.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that petitioner's request for permission to file memorandum in support of petition for writ of habeas corpus **[ECF 39] is GRANTED.**  I have considered Jones's memorandum in reaching the conclusions contained in this order.

IT IS FURTHER ORDERED that **petitioner's amended petition for writ of habeas corpus [ECF 7] is DENIED, and I decline to issue him a certificate of appealability.**

The Clerk of Court is instructed to ENTER JUDGMENT for respondents and against petitioner and CLOSE THIS CASE.

Dated April 13, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[59] *Slack*, 529 U.S. at 484.

[60] *Id.*